**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROWENA MOLSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | C.A. No. 18-337 Erie |
| v. | ) | |
| | ) | |
| **GARY SEYMOUR, et al.,** | ) | **District Judge Susan Paradise Baxter** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Rowena Molson commenced this proceeding by filing a motion to proceed *in forma pauperis* [ECF No. 1] and attaching to it a "complaint" directed against the following named Defendants, all of whom are staff members at the Erie County Prison in Erie, Pennsylvania: Gary Seymour, Major; Michael Holman, Deputy Warden; R. Kevin Sutter, Warden; Faith Houghton, Lieutenant; Marcel Mallory, Community Corrections Center Supervisor; and Ronald Bryant, Deputy Warden. The "complaint" consists of various disjointed phrases and run-on sentences that are largely unintelligible. In particular, Plaintiff alleges the following:

> Statute 440 – Discrimination by gender human rights abuse abhorrent abuse of women torture leading to imminent death, hate crime, crime against humanity… Plaintiff as self – not succumbed to torture. Erie Prison is a bastion of torture and abuse that can lead to death. Discrimination by gender based on abhorrent abuse of women beating self as plaintiff by complainant [sic] and all complainant [sic] member of the family at 13078 Cherry Hill Road, Albion, PA 16504 by male family members of punch "me" the son kick "me" the son and nephew and took my dogs. Running on my house and massive losses of all property by son complaintant [sic]

(ECF No. 1-1, Sections II.A and III). As relief for her claims, Plaintiff seeks "#75,000.00 money damage plus $1,000.00 money damages as the latter was haphazardly and

1

willfully uttered by complaintant [sic] based on items the complaintant [sic] wanted to buy on an e-bay internet purchase." (Id., Section IV).

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir.1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§1915(e)(2)[1]] to determine whether it is frivolous." Id. (citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir.1976)); Schneller v. Abel Home Care, Inc., 389 F. App'x 90, 92 (3d Cir. 2010). The Court finds that Plaintiff is without sufficient funds to pay the required filing fee. Thus, she will be granted leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under §1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). However, before dismissing a complaint for failure

---

[1] This provision was formerly codified as 28 U.S.C. §1915(d).

to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Here, a review of plaintiff's "complaint" reveals that it (1) fails even to identify, much less properly state, a legal theory upon which relief can be granted and (2) is based upon stream of consciousness ramblings which are essentially unintelligible or, at best, merely bald and conclusory allegations of wrongdoing. Construing the complaint most liberally in plaintiff's favor, the Court assumes that plaintiff is attempting to state a claim under 42 U.S.C. §1983 for the violation of her federal constitutional rights. Although the "complaint" vaguely alleges torture, abuse, and discrimination by gender, it provides no averments as to what exactly was done to Plaintiff, when it was done, and by whom it was done. Accordingly, the pleading is utterly devoid of factual content that would support the existence of a plausible constitutional violation, or which plausibly establish that each of the named Defendants was personally involved in the alleged misconduct.

In sum, to the extent Plaintiff's "complaint" is intelligible, it contains little more than recitations of legal phrases and conclusory allegations of wrongdoing. However, the Supreme Court has admonished that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions ...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (alteration in the original). Having failed to provide any factual predicate for any cognizable action, Plaintiff's "complaint" fails to state a claim upon which relief can be granted. Because further amendment would not be able to cure its deficiencies, the "complaint" will be dismissed with prejudice.

An appropriate Order follows.